BERNARD HORN, DEFENDANT IN ERROR, v. HAMBURG-AMERICAN PACKET COMPANY, PLAINTIFF IN ERROR.

Argued March 20, 1911—Decided June 19, 1911.

On error to the Supreme Court, which had under review a judgment of the District Court of Hoboken, rendered in behalf of the plaintiff in an action of tort.

The following opinion was delivered in the Supreme Court by PARKER, J.:

The suit was for damages for personal injuries, and was tried by the court sitting without jury. The ground urged for

reversal is that there was no evidence on which a judgment for the plaintiff could be based, and that in consequence the court should have nonsuited or found for the defendant.

. Horn was a journeyman painter in the employ of one Badenhausen, who had the general painting contract for all the defendant's steamships. As the steamer Auguste Victoria was at the Hoboken wharf, Horn and another man employed by Badenhausen were painting her side, standing on a raft for this purpose, when someone on the vessel threw a pailful of hot water over the taffrail, scalding Horn. The locality was that of the "steam kitchen," or kitchen for steerage passengers.

It is said that plaintiff was not there by invitation so as to throw any duty of care on defendant. But we think a *prima facie* case of invitation was sufficiently made out. Badenhausen, as it appears, had a general painting contract, and it was in the performance of that contract that plaintiff and his fellow were working on the raft. There is nothing to show that they were in the wrong place, as in the case of *Daug* v. *North German Lloyd Steamship Co.*, 44 *Vroom* 770. Hence there was a duty of care resting on defendant and its servants on the steamer, to avoid injury to the painters by anything thrown over the side.

Appellant claims that there is no proof that the man that threw the water was a servant of defendant. But as the steamer was in dock and all her passengers were gone, the presumption would be that such person was a servant unless he was the employe of some other contractor. The evidence of Brotzer, the other man on the raft, that it "was a kitchen man," was struck out as a conclusion, but without destroying the inference arising from the testimony that he wore clothes like those of a kitchen man, and that he was dumping a pail of hot water from the part of the ship where the kitchen was situated. The captain, for the defence, swore that the rail was four feet high and solid, so that a man's clothes could not be seen; but this was a contradiction of evidence and raised a question of fact for the court, sitting as a jury, as to what the man's employment was.

The questions of negligence and contributory negligence in

the case were of course questions of fact and within the control of the trial judge sitting as a jury. If there was any evidence to support the plaintiff's claim, the judgment cannot be disturbed. *Lavin* v. *Public Service Railway Co.,* 48 *Vroom* 217. We think there was such evidence.

The judgment will be affirmed.

For the plaintiff in error, *A. Leonard Brougham* (of the New York bar) and *August C. Streitwolf, Jr.*

For the defendant in error, *Weller & Lichtenstein.*

PER CURIAM.

The judgment of the Supreme Court should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Parker in that court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, SULLIVAN, JJ. 10.

*For reversal*—None.